UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH M. A. DEAN,   CASE NO.: 8:19-2984

    PLAINTIFF,

V.

ITELAGEN, LLC,

    DEFENDANT.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, JOSEPH DEAN, (hereinafter referred to as "the Plaintiff"), by and through his undersigned counsel and sues the Defendant, ITELAGEN, LLC, (hereinafter referred to as "the Defendant"), and states as follows:

### INTRODUCTION

1. This action is brought by the Plaintiff individually pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, et seq (hereinafter, "the Act").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. The venue is proper in the Middle District of Florida because the Defendant employed the Plaintiff in Sarasota County, Florida, where the Defendant maintains its headquarters in the Middle District of Florida.

4. The Defendant is a Foreign Limited Liability Corporation but has their main place of business in Sarasota County, Florida, where the Plaintiff worked for the Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

6. The annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, therefore the Act's requirements and the Overtime requirements apply.

7. The Plaintiff has retained the Malatesta Law Office to represent him in this matter and has agreed to pay the firm a reasonable attorney's fee for its services.

## COUNT I: VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

8. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-7.

9. From May 6, 2019 through November 14, 2019, the Defendant violated the provisions of 29 U.S.C. §§ 207(a) of the FLSA by failing to pay the Plaintiff overtime.

10. The Defendant misclassified the employee as an exempt salaried employee not entitled to overtime compensation under the FLSA.

11. The Plaintiff performed non-exempt work as an IT Support Specialist.

12. The Plaintiff's primary duty was to perform routine help desk support in response to client inquiries. IT Support Specialist consists of installing, configuring, upgrading and troubleshooting computer applications, networks, and hardware. As noted in Wage and Hour Division (WHD). FLSA2006-42, this type of IT help desk work does not meet the

requirements of "[t]he application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications." See 29 C.F.R. § 541.400(b)(1).

13. The Plaintiff's duties did not afford him access to complex issues and did not involve the use of discretion or independent judgment. Specifically, the vast majority of Plaintiff's time involved user account generation and troubleshooting for Defendant's clients. Essentially, this was menial IT tasks from troubleshooting passwords to setting up new users.

14. The Plaintiff worked a wide range of hours each week ranging from 50 – 90 hours depending on whether he had to work on-call.

15. The Defendant intentionally misclassified the Plaintiff to avoid paying overtime and minimum wages for the extensive amount of time he spent on-call.

16. The Plaintiff complained about the extensive number of hours on several occasions.

17. The Defendant has failed to keep accurate records of the Plaintiff's work hours in violation of the FLSA.

18. The actual amount of overtime owed shall fluctuate based upon the number of hours worked each week.

19. During Plaintiff's employment, he worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours.

20. Records, if any, concerning the number of overtime hours worked, the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

**WHEREFORE**, the Plaintiff respectfully requests that judgment be entered in his favor against the Defendant:

a. Declaring that the Defendant, violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding the Plaintiff overtime compensation in the amount calculated;

c. Awarding the Plaintiff liquidated damages in the amount calculated;

d. Awarding the Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding the Plaintiff pre-judgment and post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II: VIOLATION OF 29 U.S.C. § 201 ET SEQ. (FLSA RETALIATION)

21. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-7.

22. During early October, the Plaintiff reported that he was concerned with the fact that he (a) was working an excessive number of hours per week, and (b) not being compensated for working in excess of forty hours in a workweek.

23. Plaintiff specifically informed Vice President Carmen Soto and his supervisor Jeff Lombardi that "[he] was only being paid for forty hours but working [significantly more]."

24. The Plaintiff's reporting constituted protected activity under the FLSA.

25. After he engaged in protected activity, the Plaintiff was written up, due to a "change in attitude."

26. Over the next few weeks, the Plaintiff was discriminated against by the Defendant through hostile treatment and a general refusal to provide customary level of training and support from his supervisor and coworkers.

27. The Plaintiff's discriminatory treatment culminated when he was berated and terminated by his supervisor for merely asking for training and assistance from the Defendant and a specific task and client troubleshooting issue.

28. Pursuant to the FLSA, 29 U.S.C. §201 et seq. and particularly §215(a)(3), it is unlawful for an employer to retaliate against or discharge an employee for protesting a violation of the law by their employers or supervisors.

29. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

30. Due to Defendant's FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendant the payment of lost wages.

**WHEREFORE**, the Plaintiff respectfully requests that judgment be entered in his favor against the Defendant:

   a. Declaring that the Defendant, violated the overtime provisions of the Fair Labor Standards Act;

   b. Awarding the Plaintiff backpay;

   c. Reinstating the Plaintiff or awarding him front pay in lieu of reinstatement;

   d. Awarding the Plaintiff liquidated damages in the amount calculated;

   e. Awarding the Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   f. Awarding the Plaintiff pre-judgment and post-judgment interest; and

   g. Ordering any other and further relief this Court deems to be just and proper.

### JURY DEMAND

31. The Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: December 5, 2019

          Respectfully submitted,

          By:  /s/ Frank M. Malatesta, Esq.
             **FRANK M. MALATESTA, ESQUIRE**
             Florida Bar No.: 0097080
             MALATESTA LAW OFFICE
             871 Venetia Bay Boulevard, Suite 235
             Venice, Florida 34285
             Telephone No.: (941) 256 - 3812
             Facsimile No.: (888) 501-3865
             Frank@malatestalawoffice.com
             Staff@malatestalawoffice.com
             *Counsel for Plaintiff*