UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSEPH M.A. DEAN,**

    **Plaintiff,**

v.                                                     Case No. 8:19-cv-2984-T-02JSS

**ITELAGEN, LLC,**

    **Defendant.**

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND ENTRY OF STIPULATED JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, JOSEPH DEAN ("Plaintiff"), and Defendant, ITELAGEN, LLC ("ITelagen" or "Defendant"), hereby notify the Court that the Parties have resolved Plaintiff's Fair Labor Standards Act ("FLSA") claims raised in this matter pursuant to Plaintiff's acceptance of an Offer of Judgment by Defendant pursuant to Rule 68, Fed. R. Civ. P. and the Parties stipulate to entry of the attached proposed Stipulated Judgment and the dismissal of all such claims and the closure of this action. As such, the Parties file this Joint Motion for Approval of Settlement, stating as follows:

### FACTUAL BACKGROUND

1. Plaintiff was employed by ITelagen as an IT Support Specialist for approximately six (6) months from May 6, 2019 through November 14, 2019 (the "Employment").

2. Plaintiff's employment was terminated on November 14, 2019.

3. On or about December 5, 2019, Plaintiff filed this action against Defendant for violations of the FLSA, 29 U.S.C. §201, *et. seq.*, in which he alleged he was misclassified as an

exempt salaried employee and not paid overtime compensation for all hours he worked in excess of 40 hours (Count I) and he was retaliated against for reporting that he was not being compensated for working in excess of 40 hours in a workweek (Count II) [DE #1] (the "Lawsuit").

4. Defendant filed its Answer, General Defenses and Affirmative Defenses to Plaintiff's Complaint on January 28, 2020 [DE #9]. Defendant contends Plaintiff was properly classified as an exempt computer professional and accurately and fully compensated for all hours worked. Defendant disputes Plaintiff's claims, and also disputes his entitlement to liquidated damages and any alleged willful violation of the FLSA.

5. On February 28, 2020, the Parties exchanged Rule 26(a)(1) Initial Disclosures and the Court entered a Case Management and Scheduling Order [DE #11]. Since the service of the Complaint on Defendant, counsel for the Parties has been engaged in settlement discussions and the exchange of substantive information regarding Plaintiff's claims.

## **TERMS OF THE PROPOSED JUDGMENT/SETTLEMENT**

6. On May 20, 2020, Defendant served an Offer of Judgment to Plaintiff pursuant to Rule 68, Fed. R. Civ. P., offering to allow judgment to be entered against it in this action for the total sum of Ten Thousand Dollars and Zero Cents ($10,000.00), representing the full amount of wages and damages in controversy, exclusive of costs and attorney's fees, allocated as follows:

$ <u>3,500.00</u> unpaid overtime wages, subject to withholdings and to be reported on a W-2, as claimed in Count I;

$ <u>3,500.00</u> liquidated damages, with no withholdings and to be reported on a Form 1099, as claimed in Count I; and

$ 3,000.00 as damages for the retaliation claim, subject to withholdings and to be reported on a W-2, as claimed in Count II.

7. Plaintiff, through his counsel, accepted the Offer of Judgment on that date.

8. The Parties have further memorialized the settlement terms in a Settlement Agreement, Waiver and General Release ("Settlement Agreement").

9. As set forth in the Offer of Judgment referenced above and reflected in the corresponding Settlement Agreement, Plaintiff will receive a total gross sum of $10,000.00. This amount includes settlement of Plaintiff's alleged FLSA claims including all claims for wages, liquidated damages, and consideration for a release of claims by Plaintiff.

10. The agreement between the Parties to resolve Plaintiff's underlying FLSA claims was made without regard to the resolution of Plaintiff's attorney's fees and costs. The Parties separately negotiated and agreed to settle Plaintiff's attorney's fees and costs. In settlement of any and all disputed claims for attorney's fees and costs, Plaintiff's counsel's law firm, Malatesta Law Office, P.A., shall receive a total of $7,459.00 as a compromise of the attorney's fees and costs incurred in this case.

## MEMORANDUM OF LAW

This Court has determined that it has an independent duty to review the terms of a proposed Rule 68 offer of judgment in the context of FLSA claims in accordance with Lynn's Food Stores, Inc. v. United States Dept. of Labor, 679 F.2d 1350, 1352-55 (11th Cir. 1982). See Doherty v. Good Shepherd Day Sch., Inc., No. 2:18-CV-638-FtM-UA-UAM, 2019 U.S. Dist. LEXIS 85410, 2019 WL 2177857, at *2 (M.D. Fla. May 3, 2019) (confirming courts must determine whether Rule 68 offer of judgment is fair and reasonable resolution of bona fide dispute of claims raised pursuant to Lynn's Food), *report and recommendation adopted*, 2019

U.S. Dist. LEXIS 84352, 2019 WL 2173798 (M.D. Fla. May 20, 2019); Kingsley v. Noonan, No. 6:12-CV-500-ORL-22TBS, 2012 U.S. Dist. LEXIS 156115, 2012 WL 5378743, at *1 (M.D. Fla. Oct. 31, 2012) (concluding settlement made through Rule 68 offer of judgment was still subject to fairness scrutiny); see also Morrison v. Veale, No. 3:14-CV-1020-TFM, 2017 U.S. Dist. LEXIS 205609, 2017 WL 6388960, at *2 (M.D. Ala. Dec. 14, 2017) (noting courts must determine whether an FLSA settlement on an offer of judgment is fair and reasonable resolution in order to give it final and binding effect); Hernandez v. R.s 1040 Ez Inc., No. 14-CV-20865, 2015 U.S. Dist. LEXIS 188081, 2015 WL 12780628, at *1 (S.D. Fla. Feb. 26, 2015) (confirming offer of judgment under Rule 68 constitutes settlement that must be reviewed for fairness); Molina v. SMI Sec. Mgmt., Inc., No. 11-24245-CIV, 2012 U.S. Dist. LEXIS 195046, 2012 WL 12864928, at *1 (S.D. Fla. Dec. 21, 2012) (approving offer of judgment for FLSA claims upon finding offers were fair and reasonable compromise of *bona fide* dispute); Rodriguez v. Niagara Cleaning Servs., Inc., No. 09-22645-CIV, 2011 U.S. Dist. LEXIS 162290, 2011 WL 13173812, at *1 (S.D. Fla. Jan. 11, 2011) (confirming court must scrutinize for fairness any proposed settlement of an FLSA claim).

In agreeing upon their settlement reached herein, the Parties advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. The Parties also respectfully submit that the settlement reached among the parties should be approved by the Court as fair and reasonable. See 29 U.S.C. §216(c); Lynn's Food, 679 F.2d at 1353. Pursuant to Lynn's Food, the Court's review of the Parties' agreement is to determine if it is "a fair and reasonable resolution of a *bona fide* dispute." Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in

order to promote the policy of encouraging settlement of litigation." Id. at 1354. Courts have routinely recognized a "strong presumption" in favor of finding a settlement fair. See e.g., Gruendner v. Douce France Bakery, Inc., 2012 WL 3140917, *1 (M.D. Fla. Jul. 6, 2012); Lalog v. Hilton Resorts Corp., 2011 WL 1659383, *1 (M.D. Fla. Apr. 4, 2012).

### *Fairness of Terms of Settlement*

The terms of the Offer of Judgment and corresponding Settlement Agreement between the Parties plainly comply with the spirit of Lynn's Foods. The Parties jointly confirm that they had a *bona fide* dispute regarding the application of the FLSA; whether Plaintiff was properly classified as an exempt employee; whether Plaintiff is entitled to payment of the overtime compensation Plaintiff claims is owed and how much, if any; whether Plaintiff was retaliated against and the reasons for which Plaintiff's employment was terminated. Additionally, Defendant denies any willful conduct, and denies there is any basis for an award of liquidated damages.

At all times material hereto, Plaintiff and Defendant were represented by counsel experienced in litigating FLSA claims. Both the terms of and conditions of the proposed Stipulated Judgement and the Parties' Settlement Agreement and the settlement amount were the subject of arms-length negotiations between counsel. The settlement amount was based on information learned through the exchange of Rule 26(a)(1) Initial Disclosures, Plaintiff's estimation and calculation of alleged overtime compensation owed, pay records, time records, and other comprehensive reports produced by Defendant related to Plaintiff's employment. The Parties, therefore, respectfully submit that the proposed Stipulated Judgment and Settlement Agreement they have entered into represents a reasonable compromise of Plaintiff's claims consistent with the intent and purpose of the FLSA and the requirements of Lynn's Food. See

e.g., Fernandez v. A-1 Duran Roofing, Inc., 2013 WL 684736, *2 (S.D. Fla. Feb. 25, 2013 (approving settlement where parties were represented by counsel); Kingsley, 2012 U.S. Dist. LEXIS 156115, at *3 (granting joint motion for approval of FLSA settlement pursuant to acceptance of Rule 68 offer of judgment finding it fair and reasonable).

In this case, there has been no fraud or collusion in the settlement of this matter and the settlement will prevent expensive, protractive, and uncertain litigation. To avoid the risks, uncertainties, and expense associated with further litigation, Plaintiff and Defendant have assessed their respective positions and consulted with their counsel before reaching agreement upon the terms of the settlement. Ultimately, the Parties decided that it is in their respective best interests to resolve this matter early through settlement rather than to proceed through costly litigation. This case involves contested issues of liability and the amount of damages, if any. If Plaintiff had proceeded to trial, a jury could have determined that he was an exempt computer professional not entitled to the recovery sought, in which case he would recover nothing. Instead, Plaintiff has negotiated payment through counsel that is satisfactory to the Parties and their counsel. The undersigned counsel, who are experienced in wage and hour matters, view the agreed upon settlement as a reasonable outcome for the Parties.

The Parties also recognize that Plaintiff's general release of claims is permissible since he is receiving separate and additional compensation above which he might have been entitled to under the FLSA in exchange for this general release. See Weldon v. Backwoods Steakhouse, Inc., No. 6:14-cv-00079-orl-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (general releases are permissible in FLSA cases where plaintiff is given compensation in addition to that which he or she is entitled under the FLSA, and the separate consideration is "wholly unrelated to the value of [the plaintiff's] FLSA claims").

In light of the *bona fide* dispute in this case concerning the applicability of the FLSA to Plaintiff's claims, Defendant's exemption defense, and whether Plaintiff is entitled to any of the monies Plaintiff claims he is owed, Plaintiff and Defendant submit that the resolution of Plaintiff's claims in this case is fair and reasonable given the risks, uncertainties, and expense of further litigation for all. Accordingly, Plaintiff and Defendant request that the Court enter the proposed Stipulated Judgment and approve the Settlement Agreement as fair and reasonable in this case given the nature of the dispute, the legal issues involved, and the risks, uncertainties and expense associated with further litigation.

### *Reasonableness of Attorney's Fees and Costs*

In FLSA cases, the court is required to review the reasonableness of counsel's fee to assure that counsel is compensated adequately and that no conflict of interest arises between counsel's compensation and the amount the employee recovers under the settlement. Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009). However, if the matter of attorneys' fees is addressed separately and independently from the plaintiff's recovery and the settlement appears fair, then the court may approve the settlement without separately considering the reasonableness of counsel's fees. Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); see also Rezendes v. Domenick's Blinds & Decor, Inc., No. 8:14-cv-01401-T-33JSS, 2015 WL 4478138, at *2 (M.D. Fla. July 21, 2015) (applying the reasoning in Bonetti); Thede v. B&D Waterblasting Co., No. 6:15-cv-00033-orl-28GJK, 2015 WL 4590593, at *3 (M.D. Fla. July 28, 2015) (applying the reasoning in Bonetti).

Under the terms of the proposed Stipulated Judgment and Settlement Agreement, Plaintiff's counsel is being paid a total of $7,459.00 for fees ($7,000.00) and costs ($459.00) in representing Plaintiff from before commencement of the Lawsuit, through approval of the

settlement, the conclusion of the case, and disbursement of funds – which was negotiated separately from the amount paid to Plaintiff to settle Plaintiff's alleged FLSA claims. Bonetti, 715 F. Supp. 2d at 1228. The proceeds that Plaintiff's counsel is to receive under the terms of the proposed Stipulated Judgment and Settlement Agreement will be applied to (and shall fully satisfy all of) Plaintiff's litigation costs and attorneys' fees incurred in this matter for Plaintiff. Accordingly, the Court should approve the payment of this sum to Plaintiff's counsel's law firm for attorneys' fees and costs as part of the Settlement Agreement.

WHEREFORE, for the above and foregoing reasons, Plaintiff and Defendant respectfully submit that the settlement reached herein is a reasonable compromise that was arrived at after due consideration. Pursuant to Lynn's Food, the Parties jointly request that the Court approve the proposed Stipulated Judgment and the corresponding Settlement Agreement as a fair and reasonable resolution of the *bona fide* dispute under the FLSA between Plaintiff and Defendant, and enter the stipulated judgment and dismiss and/or close this action accordingly.

Respectfully submitted this 1st day of June, 2020.

| | |
|---|---|
| */s/ Frank M. Malatesta* | */s/ Jessica M. Farrelly* |
| Frank M. Malatesta, Esq. | Jessica M. Farrelly, Esq. |
| Florida Bar No. 0097080 | Florida Bar No. 0103055 |
| ***Attorney for Plaintiff*** | ***Attorneys for Defendant*** |
| MALATESTA LAW OFFICE, P.A. | ICARD, MERRILL, CULLIS, TIMM, |
| 871 Venetia Bay Blvd. | FUREN & GINSBURG, P.A. |
| Suite 235 | 2033 Main Street, Suite 600 |
| Venice, Florida 34285 | Sarasota, Florida 34237 |
| Telephone: (941) 256-3812 | Telephone: (941) 366-8100 |
| Facsimile: (888) 501-3865 | Facsimile: (941) 366-6384 |
| E-mail: frank@malatestalawoffice.com | Email: jfarrelly@icardmerrill.com |

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel for Plaintiff:

> Frank M. Malatesta, Esq.
> Malatesta Law Office
> 871 Venetia Bay Blvd., Suite 235
> Venice, FL 34285
> frank@malatestalawoffice.com

>> */s/ Jessica M. Farrelly* _____
>> Jessica M. Farrelly
>> Florida Bar No.: 0103055